CC 390 815

FORWARDED BY THE
CITY CLERK TO THE

MAR 29 2019

LAW DEPARTMENT

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1984CV00706D

RECEIVED CITY CLERK'S OFFICE
2019 MAR 29 P 12:55
BOSTON, MA

_Faye Needham_ PLAINTIFF(S),

v.

_City of Boston_, DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO _City of Boston_. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _3/8/19_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, _Superior_ Court, _3 Pemberton Sq, Boston_ (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _612 Columbia Rd Boston 02125_

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy Attest

3-25-19

4. Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20____   Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

19064131

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1984CV00766 D | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Faye Needham vs. City of Boston | | Michael Joseph Donovan, Clerk of Court |
| TO: | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**             **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 06/06/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 07/08/2019 | |
| All motions under MRCP 12, 19, and 20 | 07/06/2019 | 08/05/2019 | 09/04/2019 |
| All motions under MRCP 15 | 05/01/2020 | 06/01/2020 | 06/01/2020 |
| All discovery requests **and depositions** served and non-expert depositions completed | 02/25/2021 | | |
| All motions under MRCP 56 | 03/29/2021 | 04/26/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/24/2021 |
| Case shall be resolved and judgment shall issue by | | | 03/07/2022 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time. **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 03/11/2019 | ASSISTANT CLERK Jane M Mahon | PHONE (617)788-8110 |
|---|---|---|

Date/Time Printed: 03-11-2019 08:26:14       SCV026\ 08/2018

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT
Civil Action No: 1984CV00766 D

FAYE NEEDHAM,
    Plaintiff

v.

CITY OF BOSTON
    Defendants

COMPLAINT AND JURY DEMAND

## JURISDICTION AND VENUE

Plaintiff, Faye Needham (hereinafter "Plaintiff" or "Ms. Needham") alleges upon personal knowledge as to themselves and upon information and belief, as follows:

1. This is an action seeking monetary, equitable and injunctive relief. The jurisdiction of this Court is invoked pursuant to M.G.L. c. 223, M.G.L. c. 223A, and M.G.L. 231 and a Letter of Presentment pursuant to M.G.L. 258, §4.

2. The venue of this Court is proper in that the City of Boston, where the complained of acts took place is located in Suffolk County, Massachusetts.

## THE PARTIES

3. Ms. Needham is an adult female who resides at 425 Chestnut St. Wrentham, MA, Norfolk County, MA.

4. Defendant, The City of Boston, is a legal municipality in the Commonwealth of Massachusetts, the Mayor of City of Boston is the elected executive official and is responsible for all administrative, executive and legal issues that concern the City of Boston.

## FACTS

5. On March 11, 2016, Ms. Needham was present at the Shaw's Supermarket, 1377 Hyde Park Ave., Hyde Park, MA, Suffolk County.

6. Ms. Needham was legally on the premises of Shaw's Supermarket, 1377 Hyde Park Ave., Hyde

Park, MA.

7. According to Boston Police Dept. report P160126508, the Boston Police Dept. Officers Murray and Hubbard were responding to a call for "Larceny in progress."

8. When the Officers Murray and Hubbard arrived, Mrs. Needham was at her vehicle, a 19999 silver Nissan Altima.

9. Ms. Needham was found with the L812 (Det. Joyce) and the store manager (Javier) as the Officers Murray and Hubbard arrived at the scene.

10. Officers Murray and Hubbard observed a Shaw's carriage next to Ms. Needham's vehicle with a small amount of food inside the carriage.

11. Ms. Needham stated that she would give the food back.

12. Officer Hubbard removed his handcuffs to place Ms. Needham under arrest.

13. According to the Boston Police Dept. report P160126508, Ms. Needham stated, "No way, you are not arresting me. No you aren't!"

14. Ms. Needham was violently thrown to the ground by the Boston Police Officers.

15. No Boston Police Officer stopped the responding officers or any other officer from physically assaulting the Plaintiff.

16. Defendant was acting under the color of authority in their capacity as Boston Police Offices during the entirety of the incident.

17. Defendant's actions were contrary to their training.

18. Defendant's use of force was excessive and brutal.

19. Defendant's actions were in violation of Plaintiff's civil rights.

20. Plaintiff suffered -and continue to suffer- physical and emotional harm.

21. The Plaintiff filed a complaint with the Internal Affairs Division IAD#2016-0091.

22. The Division conducted a thorough investigation, which was completed.

**COUNT I**
**VIOLATION OF MS. NEEDHAM'S RIGHTS UNDER FEDERAL LAW**
**Title 42, U.S.C., Section 1983**

23. Plaintiff re-alleges each of the allegations set forth in paragraphs 1 through 22 as if they were

stated fully herein.

24. The actions or inaction of each of the Boston Police Officers at the scene was a violation of Ms. Needham's federal civil rights.

25. As a result of the action or inactions of each of the Boston Police Officers, Ms. Needham has suffered -and continues to suffer- physical and emotional harm.

26. Based upon the foregoing, the actions or inactions of each of the Boston Police Officers is a violation of Ms. Needham's federal civil rights and has caused her to suffer - and she continues to suffer- physical and emotional harm and she is entitled to damages at law and equitable remedies, including but not limited to monetary damages.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, City of Boston, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 2 or otherwise.

## COUNT II
## DENIAL OF MS. NEEDHAM'S U.S. CONST. 4TH AMENDMENT RIGHT AGAINST UNLAWFUL SEARCH AND SEIZURE

27. Plaintiff re-alleges each of the allegations set forth in paragraphs 1 through 26 as if they were stated fully herein.

28. The actions or inactions of each of the Boston Police Officers at the scene are a violation of Ms. Needham's federal civil rights against unlawful search and seizure.

29. As a result of the action or inactions of each of the Boston Police Officers, Ms. Needham has suffered - continues to suffer- physical and emotional harm.

30. Based upon the foregoing, the actions or inactions of each of the Boston Police Officers is a violation of Ms. Needham's federal civil rights and has caused her to suffer- and she continues to suffer- physical and emotional harm and she is entitled to damages at law and equitable remedies, including but not limited to monetary damages.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, City of Boston, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 2 or otherwise.

## COUNT III
## DENIAL OF MS. NEEDHAM'S U.S. CONST. 5TH AND 14th AMENDMENTS (DUE PROCESS) RIGHTS

31. Plaintiff re-alleges each of the allegations set forth in paragraphs 1 through 30 as if they were stated fully herein.

32. The actions or inactions of each of the Boston Police Officers at the scene were a violation of

Ms. Needham's federal civil rights Due Process Rights under the 5th and 14th Amendments to the U.S. Constitution.

33. As a result of the action or inactions of each of the Boston Police Officers, Ms. Needham has suffered - continues to suffer- physical and emotional harm.

34. Based upon the foregoing, the actions or inactions of each of the Boston Police Officers is a violation of Ms. Needham's federal civil rights and has caused her to suffer - and she continues to suffer- physical and emotional harm and she is entitled to damages at law and equitable remedies, including but not limited to monetary damages.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, City of Boston, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 2 or otherwise.

## COUNT IV
## DENIAL OF MS. NEEDHAM'S RIGHTS UNDER ART. XII AND XIV OF THE MASS. DECL. OF RIGHTS

35. Plaintiff re-alleges each of the allegations set forth in paragraphs 1 through 34 as if they were stated fully herein.

36. The actions or inactions of each of the Boston Police Officers at the scene were a violation of Ms. Needham's civil rights pursuant to the Mass. Decl. of Rights.

37. As a result of the action of each of the Boston Police Officers, Ms. Needham has suffered - continues to suffer- physical and emotional harm.

38. Based upon the foregoing, the actions of each of the Boston Police Officers is a violation of Ms. Needham's state civil rights and has caused her to suffer - she continues to suffer- physical and emotional harm and she is entitled to damages at law and equitable remedies, including but not limited to monetary damages.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, City of Boston, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 2 or otherwise.

## COUNT V
## FAILURE TO PROPERLY TRAIN OR SUPERVISE

39. Plaintiff re-alleges each of the allegations set forth in paragraphs 1 through 38 as if they were stated fully herein,

40. Cmsr. Gross, and the City of Boston through the Mayor's Office and the City Council is responsible for the budgeting, hiring, training and evaluation of each of the officers involved in this matter and the Boston Police Department generally.

41. The Boston Police Officers actions were contrary to proper training and procedures and resulted in the violation of both federal and state constitutional rights of the Plaintiff.

42. As a result of each of their actions or inactions, the negligent training and supervision of the Boston Police Dept. by Cmsr. Gross, and the City of Boston through the Mayor's Office and the City Council, Ms. Needham has suffered - continues to suffer-physical and emotional harm.

43. Based upon the foregoing, Cmsr. Gross, and the City of Boston through the Mayor's Office and the City Council are each jointly and severally liable for the violation of Ms. Needham's state and federal civil rights, physical injuries any all of his entitled to damages at law and equitable remedies, including but not limited to monetary damages.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, City of Boston, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 2 or otherwise.

## COUNT VI
## NEGLIGENCE - FAILURE OF DUTY TO PROTECT MS. NEEDHAM

44. Plaintiff re-alleges each of the allegations set forth in paragraphs 1 through 43 as if they were stated fully herein.

45. Each responding Boston Police Officer had a duty to protect Ms. Needham from physical harm.

46. The actions or inactions of each of the Boston Police Officers at the scene were a violation of that duty to protect Ms. Needham from physical harm from each of their fellow police officers.

47. As a result of the action or inactions of each of the Boston Police Officers, Ms. Needham has suffered - continues to suffer- physical and emotion harm.

48. Based upon the foregoing, the actions or inactions of each of the Boston Police Officers constitute a violation of each of the Boston Police Officers duty to protect Ms. Needham from the physical harm caused by the each of the other Boston Police Officers. This failure has caused Ms. Needham to suffer - she continues to suffer-physical and emotional harm and she is entitled to damages at law and equitable remedies, including but not limited to monetary damages.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, City of Boston, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 2 or otherwise.

## COUNT VII
## NEGLIGENCE - USE OF EXCESSIVE FORCE AGAINST MS. NEEDHAM

49. Ms. Needham without cause and without right under their color of authority was assaulted and harmed by each of the responding Boston Police Officers when they used excessive force and

brutality to attack and restrain Ms. Needham.

50. The action of each of the Boston Police Officers was negligent.

51. As a result of the action of each of the Boston Police Officers, Ms. Needham has suffered - continues to suffer- physical and emotional harm.

52. Based upon the foregoing, the actions of each of the Boston Police Officers makes each of them liable to Ms. Needham in their capacity as Boston Police Officers for the use of excessive force against her and she is entitled to damages at law and equitable remedies, including but not limited to monetary damages.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, City of Boston, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 2 or otherwise.

## COUNT VIII
## NEGLIGENCE - ASSAULT AND BATTERY AGAINST MS. NEEDHAM

53. Plaintiff re-alleges each of the allegations set forth in paragraphs 1 through 52 as if they were stated fully herein.

54. Ms. Needham without cause and without right under their color of authority was assaulted and harmed by each of the responding Boston Police Officers.

55. The actions or inactions of each of the Boston Police Officers were negligent.

56. The actions or inactions were outside of the scope of their color of authority.

57. As a result of the action of each of the Boston Police Officers, Ms. Needham has suffered - continues to suffer- physical and emotional harm.

58. Based upon the foregoing, the actions of each officer makes each of them liable in their individual and joint capacity to Ms. Needham for the assault and battery against her and she is entitled to damages at law and equitable remedies, including but not limited to monetary damages.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, City of Boston, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 2 or otherwise.

## COUNT IX
## (All Parties) REQUEST FOR DECLARATORY JUDGMENT AND RELIEF

59. Plaintiff re-alleges each of the allegations set forth in paragraphs 1 through 58 as if they were stated fully herein.

60. The parties have an actual and justiciable controversy within the meaning of G.L. c.231 A, §

1 et seq., has arisen. Moreover, the controversy is concrete, rather than remote or abstract.

61. Plaintiff has and will continue to suffer an irreparable harm without intervention by this court.

62. The Defendant's actions as alleged herein are in the nature of a violation of fundamental constitutional rights against the citizens of the Commonwealth that are likely to continue and to harm any citizens who have contact with the Boston Police Dept.

63. For the foregoing reasons, Plaintiff is entitled to the relief requested above and a Declaratory Against the Defendant curtailing their violation of civil rights, ordering remedial training and re-training of the Boston Police Dept. on the proper use of potentially deadly force against the citizenry, their duty to protect, the following of rule s and regulations with respect to arrest, search, seizure and probable cause.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, City of Boston, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 2 or otherwise.

## COUNT X
## DENIAL OF MS. NEEDHAM'S RIGHTS UNDER MGL. CH. 12 SECTION 11I

64. Plaintiff re-alleges each of the allegations set forth in paragraphs 1 through 63 as if they were stated fully herein.

65. The actions or inactions of each of the Boston Police Officers at the scene were a violation and deprivation of Ms. Needham's civil rights pursuant to the M.G.L. ch. 12 §11I.

66. As a result of the action of each of the Boston Police Officers, Ms. Needham has suffered -and continues to suffer- physical and emotional harm.

67. Based upon the foregoing, the actions of each of the Boston Police Officers is a violation of Ms. Needham state civil rights and has caused her to suffer -and she continues to suffer- physical and emotional harm and she is entitled to damages at law and equitable remedies, including but not limited to monetary damages.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, City of Boston, in an amount to be determined by the Court together with interest, costs and other such relief as may be deemed appropriate under G.L. c. 229, § 2 or otherwise.

## JURY DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

WHEREFORE, the Plaintiff prays that the Court, after hearing:

A. That Defendant, his agents, employees, servants and assigns and all persons acting in concert,

participation or combination with the defendant be preliminarily enjoined from violating the civil rights of the citizens and be enjoined from physically harming those citizens;

B. Order training and retraining on the proper use of force, stop, arrest and search procedures;

C. That each of the officers responsible for this harm be re-trained individually and monitored or supervised for the proper use of police procedure; or alternatively, be terminated for failing to properly utilize their training;

D. That judgment enters for Plaintiff and she recovers her damages at law and equitable remedies;

E. That the Court awards such other and further relief as the Court deems mete and just.

Respectfully submitted, Plaintiff, by her Attorney
Avalon Law Offices, P.C.

Danilo A. Avalon, Esq. (BBO#: 632152)
Emerson Pena (BBO# 697436)
Avalon Law Offices, P.C.
612 Columbia Road
Boston, MA  02125
Tel. (617) 436-3300
Fax. (617) 436-8500
avalon@avalonlawfirm.com

Dated: March 8, 2019

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 1984CV007606 D | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** Faye Needham  
**ADDRESS:** 425 CHestnut St. Wrentham, MA 02093

**COUNTY:**

**DEFENDANT(S):** City of Boston

**ATTORNEY:** Danilo A. Avalon, Esq.  
**ADDRESS:** Avalon Law Offices P.C.  
612 Columbia Rd. Boston, MA 02125

**ADDRESS:** One City Hall Plaza ste 500 Boston, MA 02210

**BBO:**

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AB1 | Torttious action involving City of Boston | A | ☐ YES  ☒ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................................................ $ 7984.99+
  2. Total doctor expenses ............................................................................................. $ 1000.00+
  3. Total chiropractic expenses ..................................................................................... $ 0
  4. Total physical therapy expenses ............................................................................. $ 1220.00
  5. Total other expenses (describe below) ................................................................... $ 1227.00
  Subtotal (A): $

B. Documented lost wages and compensation to date ................................................... $ 0
C. Documented property damages to dated ................................................................... $ 0
D. Reasonably anticipated future medical and hospital expenses ................................. $ 0
E. Reasonably anticipated lost wages .............................................................................. $ 0
F. Other documented items of damages (describe below) ............................................ $ 0

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff, Ms. Faye Needham is the victim of police brutality based on excessice force used by Boston Police Officers in an attempt to execute an arrest.

**TOTAL (A-F):** $ 11,431.99+

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
N/A

**TOTAL:** $ 0

**Signature of Attorney/Pro Se Plaintiff: X** _[signature]_   **Date:** 3/8/19

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _[signature]_   **Date:** 3/8/19